# EXHIBIT 5

*(Letter from New York Supreme Court re:
preliminary conference dated June 26, 2014)*



**SUPREME COURT OF THE STATE OF NEW YORK**
RICHARD J. DARONCO
WESTCHESTER COUNTY COURTHOUSE
111 DR. MARTIN LUTHER KING, JR. BLVD.
WHITE PLAINS, NEW YORK 10601
(914) 824-5419

ALAN D. SCHEINKMAN
JUSTICE OF THE SUPREME COURT

*VIA NYSCEF*

June 26, 2014

Barbara Hart, Esq.
Lowey Dannenberg Cohen & Hart PC
One North Broadway, Suite 509
White Plains, NY 10601

Jay Kasner, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

> Re: Jessica Zweiman v AXA Equitable Life Insurance
> Company
> Index No.: 59638/2014

Dear Counsel:

A Preliminary Conference, for counsel only, will be held at 111 Dr. Martin Luther King Jr. Blvd, Annex Courtroom 105, White Plains, New York on:

**July 10, 2014 at 9:30 am**

An attorney thoroughly familiar with the case and with binding authority to agree on behalf of each party with respect to pre-trial and settlement matters must attend this conference.

Copies of all pleadings to date shall be received by the Court at least one (1) business day prior to the conference in a joint submission by counsel. Additionally, counsel shall submit a *joint* description of the facts and each parties' contentions, not exceeding one page.

Counsel are directed to consult prior to the conference in accordance with the provisions of Rule 8 of the Rules of Practice for the Commercial Division, and are further directed to be prepared to discuss with the Court the results of such consultation at the conference. A copy of the Court's Preliminary Conference Order is enclosed for your review.

At the conference, the Court will issue a Disclosure Order scheduling all pre-trial discovery, and will set a date for a Trial Readiness Conference. The Court shall also be willing to discuss settlement of the action or the narrowing of the areas of dispute between the parties.

The Commercial Division of Supreme Court, Westchester County, has an Alternative Dispute Resolution Program for the mediation of disputes assigned to the Commercial Division. The Rules, the List of Neutrals and their credentials can be found on the Commercial Division's website at http://www.nycourts.gov/courts/comdiv/westchester.shtml. At the preliminary conference scheduled herein, we will discuss whether mediation would be beneficial to the resolution of the action or the narrowing of issues. Further, even if the parties do not opt for mediation at the outset of this action, at any point during this action, counsel may jointly request that the Court issue an order of reference to a court annexed mediator. However, counsel should be aware that the referral of an action to ADR will likely not result in a stay of the action.

Requests for adjournment of this conference date must be on consent, confirmed by stipulation, subject to the approval of the Court. In no event will more than one adjournment of the Preliminary Conference be granted. If you have any questions or any scheduling conflict, please contact our Part Clerk, Maryann Tamberella at (914) 824-5348.

Very truly yours,

ALAN D. SCHEINKMAN
Supreme Court Justice
Commercial Division

ADS:af

## PRACTICE GUIDE TO THE COMMERCIAL DIVISION, WESTCHESTER COUNTY
## CASES PENDING BEFORE HON. ALAN D. SCHEINKMAN

Counsel are expected to be familiar with the Commercial Division Rules and comply therewith. The following information is offered as a guide to the practices followed by this Court.

**Scheduling:**

All questions about scheduling appearances or adjournments should be addressed to the Part Clerk, Maryann Tamberella, at (914) 824-5348. Do not contact Chambers regarding such issues. Requests for adjournment of matters appearing on the weekly Commercial Calendar should be made by not later than 3:00 p.m. on the day before. Requests made after that will likely not be granted. All requests for adjournments must be made with the request of all opposing counsel and, if approved by the Court, confirmed by a signed Stipulation of all counsel. If consent cannot be obtained, then the requesting counsel must either arrange for a conference call with the Court and, if one cannot be timely arranged, then the application must be made at the call of the calendar.

**E-Filing Rules and Protocol:**

All parties should familiarize themselves with the statewide E-Filing Rules (available at www.nycourts.gov/efile) and the Westchester County E-Filing Protocol (available at http://www.nycourts.gov/courts/9jd/efile/WestchesterCountyJointProtocols.pdf) and 202.70 of Uniform Civil Rules of the Supreme and County Courts as amended on 7/1/10. General questions about e-filing should be addressed to the E-Filing Resource Center at 646-386-3033 or efile@courts.state.ny.us.

**Filing of Papers:**

Mandatory e-filing of all Commercial Division actions through the New York State Courts E-Filing system (NYSCEF) is scheduled to begin on February 1, 2011. Submissions to the Court including motion papers, proposed orders, proposed judgments, and letters (after prior permission to send such letters is provided), must be electronically filed. Pre-trial submissions are not to be filed electronically, and shall be delivered to the Court at the Pre-Trial Conference or as the Court may otherwise direct.

**Working Copies:**

E-filing rules provide that a court may require the submission of "working copies" of any electronically filed documents intended for judicial review. A working copy is defined as "a hard copy that is an exact copy of a document that is electronically filed."

**The Commercial Division, Westchester County, requires that working (courtesy) copies of all papers filed electronically be mailed to Chambers.** Pursuant to Uniform Rule 202.5-b(d)(4), the working copy shall bear as a cover page firmly fastened thereto a copy of the confirmation notice received from the NYSCEF site upon the electronic filing of the document. Hard copies not bearing such cover page shall be discarded, unread. All working copies of e-filed documents intended for judicial review must include exhibit tabs and backs.

For matters on submission only, working copies of all documents, except stipulations to be so-ordered, are to be mailed or hand delivered so as to be received by Chambers by the return date or notice of settlement date. **If an appearance is scheduled on the return date, working copies must be received in Chambers by 3:00 pm the day before.**

**WORKING COPIES OF STIPULATIONS TO BE SO-ORDERED (INCLUDING REQUESTS FOR ADJOURNMENT) MUST BE RECEIVED BY CHAMBERS 48 HOURS BEFORE THE EXISTING SCHEDULED DATE. IF THIS CAN NOT BE ACHIEVED, COUNSEL ARE TO CALL OUR PART CLERK AT (914) 824-5348.**

**Hard Copy Submissions:**

Part will reject any hard copy submissions in e-filed cases unless those submissions bear the Cover Sheet for Hard Copy Submission – E-Filed Case required by Uniform Rule § 202.5-b(d)(1). The form is available at www.nycourts.gov/efile.

**Communications With the Court:**

*(a) Written correspondence*: No written correspondence may be sent to the Court without prior permission. Written correspondence sent by letter, fax or any other means, without permission will not be read and will be discarded.

*(b) Telephone calls*:
  1. Counsel may call the Part Clerk with respect to the scheduling of appearances and with respect to adjournment applications.
  2. Counsel may call Chambers and/or the Part Clerk to arrange for a telephone conference with the Court or with the Law Secretary.
  3. Counsel may not contact Chambers without all opposing counsel on the phone, except for the purpose of facilitating a conference call.

**Motions:**

No motion shall be made, except as allowed by Rule 24 of the Commercial Division Rules, without a prior conference with the Court, which conference may be obtained either by conference call or, upon obtaining permission from chambers, the submittal of a brief letter application, not exceeding 1 page in length. At the conference, the Court will set a schedule for making the motion, opposing it, and, if applicable, for reply.

Motions are to be returnable on Fridays at 9:30 a.m. Motions made returnable at any other time, absent prior permission of the Court, will be adjourned by the Part Clerk to the next available Friday.

Adjournments are governed by Rule 16(c) of the Commercial Division Rules.

Motions are submitted without oral argument, unless otherwise directed by the Court.

Reply papers are not permitted, unless: (a) the right of reply is obtained by service of a notice of motion in accordance with CPLR 2214[b]; or (b) expressly permitted by the Court. Counsel may submit supplemental citations as allowed by Rule 18 of the Commercial Division Rules. Sur-reply papers, including reply papers in support of a cross-motion, are not permitted, absent prior permission of the Court. Any unauthorized papers will not be read and will be discarded.

All papers must comply with the applicable provisions of the CPLR and with Rules 16 and 18 of the Commercial Division Rules. In addition, the font size of text and footnotes must be no smaller than 12 point. Papers which do not comply may be rejected.

All motions for summary judgment shall be accompanied by a Statement of Undisputed Facts Pursuant to Rule 19-a of the Commercial Division Rules. A motion for summary judgment which lacks such a statement may be rejected. All opposing papers must include a response to the Statement of Undisputed Facts.

All exhibits shall be separately tabbed. In the event that multiple affidavits or affirmations are submitted in support of a motion under the same legal back, each such exhibit shall be accompanied by a clearly discernible side or bottom tab containing the last name of the affiant.

No motion papers will be sealed without a prior, or contemporaneous, application for sealing made pursuant to Part 216 of the Rules of the Chief Administrative Judge.

The Court generally does not stay disclosure pending determination of motions to dismiss or motions for summary judgment (made prior to completion of discovery).

**Discovery Disputes:**

With respect to cases already assigned to this Court at the time that a discovery dispute arises, no motion with respect to the dispute shall be made without a prior conference with the Court, which may be obtained by submission of a letter application, not exceeding one (1) page in length. Counsel must obtain permission from Chambers prior to the submission of such letter application.

With respect to cases in which a discovery motion accompanies the Request for Judicial Intervention which leads to the assignment to this Court, no opposition papers shall be served until there has been a prior conference with the Court, which may be obtained by letter application, not exceeding one (1) page in length. The application for a discovery conference may be made by the movant or by the opposing counsel; however, the application must be made within eight (8) days of service of the motion. Counsel must obtain permission from Chambers prior the submission of a letter application. Failure to request a discovery conference may result in the denial of the motion.

The Court endeavors to resolve discovery disputes promptly, usually by conference, which may be held telephonically or in person. In the event that the dispute is not resolved, the Court will set an expedited briefing schedule. Counsel shall, prior to requesting a conference, meet in person to discuss the issues and endeavor to resolve or limit them, prior to seeking judicial intervention.

**Preliminary Conferences:**

Upon receipt of a letter from the Court scheduling a preliminary conference, counsel shall meet in person and shall **jointly** prepare a brief statement describing the case and the contentions of the parties. In addition, counsel shall **jointly** complete a proposed Preliminary Conference Order, on the form supplied by the Court (also available on the Court's website). Counsel are advised that, absent very unusual complexity, the Court will require that discovery be completed within six months of the assignment of the case to the Court. These submissions shall be furnished to the Court not later than 12 p.m. on the day prior to the conference. In the event that the Court does not receive the submissions, the Court will take such action as may be appropriate under the circumstances, including adjournment of the conference, requiring counsel to complete the forms at the conference, or other steps.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

PRESENT:

    Hon. Alan D. Scheinkman
    Justice Supreme Court

-----------------------------------------------------------------X

                      Plaintiff,      :    **PRELIMINARY CONFERENCE
                                                         ORDER –COMMERCIAL CASE**

       -against-                          :    Index No.

                      Defendant.      :

-----------------------------------------------------------------X

SCHEINKMAN, J.:

    Counsel having appeared for a preliminary conference on _____, 20\_\_ :

Plaintiff:

                                     _____
                                          Name

                                   _____
                                          Firm

                                   _____
                                        Address

                                   _____
                                   Telephone Number

                                   _____
                                         Fax

Defendant:

                                   _____
                                   Name

                                   _____
                                   Firm

                                   _____
                                   Address

                                   _____
                                   Telephone Number

                                   _____
                                         Fax

and the Court having conducted a preliminary conference in the above-entitled action, it is hereby ORDERED as follows, pursuant to Rule 8 of the Rules of Practice for the Commercial Division:

1. Any Demand for a Bill of Particulars shall be served on or before _____ and any Bill of Particulars shall be served on or before _____.

2. Any Demands for Discovery and Inspection shall be served on or before _____ and all Responses to such Demands shall be served on or before _____.

3. Any Interrogatories shall be served on or before _____ and all Answers to Interrogatories shall be served on or before _____.

4. Any deposition on Oral Questions to be taken of Plaintiff shall be held on or before _____ at _____.

5. Any deposition on Oral Questions to be taken of Defendant shall be held on or before _____ at _____.

6. Any deposition on Oral Questions to be taken of any non parties shall be held on or before _____ at _____.

7. Other Disclosure, including Expert Disclosure, shall be:

   _____
   _____
   _____
   _____
   _____

8. Electronic Discovery shall be:

   _____
   _____
   _____

9. Discovery shall be limited to the following issues:

_____
_____
_____
_____

10. Impleader shall be completed on or before _____.

11. All discovery shall be completed by _____ and any discovery not then completed may be considered waived. The failure to provide a document, or to otherwise provide discovery, may result in preclusion.

12. A Trial Readiness Conference will be held on _____ at _____. On this date a Trial Readiness Order will be issued to the Plaintiff to which Plaintiff shall serve and file a Note of Issue and Certificate of Readiness within (10) days of the date of the Trial Readiness Order.

13. Absent an order of the Court to the contrary, the making of any dispositive motion will NOT stay discovery and will NOT result in, or justify, any change or adjustment in the dates set forth hereinabove.

14. THE DATES SET FORTH ABOVE MAY NOT BE ADJOURNED EXCEPT WITH THE PRIOR APPROVAL OF THE COURT.

15. In the event of a discovery dispute, counsel shall comply with Rule 14 of the Rules of Practice in the Commercial Division. In furtherance thereof, in the event that counsel, after good faith consultation, cannot resolve a discovery dispute, counsel shall promptly contact the Court at 914-824-5419 and arrange for either an in-court or telephonic conference. No motion relating to discovery shall be made without the prior permission of the Court. Neither the existence of any discovery dispute nor the making of any discovery motion shall result in, or justify, any change or adjustment in the dates set forth above, unless otherwise permitted by the Court.

16. All motions (including any discovery motions permitted by the Court) shall be governed by Rules 16 through 24 of the Rules of Practice in the Commercial Division. No sur-reply (which includes reply in further support of a cross-motion) or post-submission papers will be considered by the Court, except as authorized by the Court or by Rule 18. All motions shall be made returnable on Fridays. No motion shall, absent the permission of the Court, be made returnable on any other day.

17. Counsel shall not copy the Court on correspondence between them.

18. No document, including correspondence, shall be sent to the Court without prior authorization from Chambers to do so.

19. Absent the express permission of the Court, copies of all papers filed with the Court shall be transmitted to all opposing counsel in such fashion as to be received by counsel prior to, or contemporaneously with, receipt by the Court.

20. As set forth in Commercial Division Rule 11-a (a) & (b), the parties are advised that the interrogatories in this action shall be limited both in terms of the topics to be covered and the number of interrogatories permitted (*i.e.*, 25 including subparts). Furthermore, pursuant to Commercial Division Rule 11-a(d), the Court hereby orders that there shall be no additional interrogatories permitted concerning the claims and contentions of the parties.

Dated: White Plains, New York

ALAN D. SCHEINKMAN
Supreme Court Justice